NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN J. MIRCH, Attorney; Mrs. MARIE CLAIRE MIRCH Esquire, Attorney,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 25-814

D.C. No.
3:24-cv-00721-TWR-DDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted July 8, 2026[**]
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Kevin Mirch and Claire Mirch (together, Plaintiffs-Appellants) appeal pro se the district court's dismissal of their First Amended Complaint (FAC). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On July 23, 2024, Plaintiffs-Appellants filed the FAC, asserting two claims under 26 U.S.C. § 7433 for unauthorized collection activities. The government filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motion, and dismissed Plaintiffs-Appellants' FAC with prejudice. The district court determined that it lacked jurisdiction due to Plaintiffs-Appellants' failure to exhaust administrative remedies, and because the action was time-barred. Plaintiffs-Appellants timely appealed.

A district court's "dismissal for failure to exhaust administrative remedies" is reviewed de novo. *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). We also review de novo the district court's ruling on the statute of limitations. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022).

1.      "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. . . ." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):

Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

Subject to exhaustion of administrative remedies, 26 U.S.C. § 7433 "permits taxpayers to recover damages from the government for intentional, reckless, or negligent disregard of the Internal Revenue Code or Treasury Regulations in connection with the collection of any tax." *Adams v. Johnson*, 355 F.3d 1179, 1187 (9th Cir. 2004) (citation omitted); *see also* 26 U.S.C. § 7433(a), (d)(1).[1]

As the district court noted, Plaintiffs-Appellants conceded that they failed to file the written claim required by 26 C.F.R. § 301.7433-1(e) prior to filing their complaint. Thus, the district court did not err in dismissing the FAC for lack of jurisdiction due to failure to exhaust administrative remedies. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993), *as amended*; *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating that the United States is immune from suit unless sovereign immunity is expressly waived).

---

[1] Plaintiffs-Appellants characterize the challenge to the FAC as a facial attack. The government responds that the characterization is immaterial because the FAC "fails as a facial and factual matter." Therefore, we proceed on the basis that the motion to dismiss raised a facial attack.

**2.**     Plaintiffs-Appellants maintain that the district court erred in deciding the statute of limitations issue after concluding that it lacked jurisdiction over the action. However, a district court always has jurisdiction to determine its jurisdiction. *See Brownback v. King*, 592 U.S. 209, 218 (2021). Here, the statute of limitations in 26 U.S.C. § 7433(d) is jurisdictional. *See Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 870-72 (9th Cir. 2009), *as amended*; *see also Libitzky v. United States*, 110 F.4th 1166, 1171 (9th Cir. 2024).

Finally, the district court did not err in concluding that the action was time-barred. Section 7433(d)(3) provides for a two-year statute of limitations for actions challenging collection activity. The last collection activity alleged in the FAC occurred on October 27, 2021. Thus, the initial complaint filed on April 22, 2024 was untimely. *See Bonelli*, 28 F.4th at 951.[2] Because this defect cannot be cured by amendment, the district court did not err in dismissing the complaint with prejudice. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

**AFFIRMED.**

---

[2]     Plaintiffs-Appellants argue for the application of equitable tolling. However, a jurisdictional statute of limitations is not subject to equitable tolling. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015).